IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jean T. Morrow, | ) | |
| | ) | Civil Action No. 7:13-cv-00378-JMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Brookview Healthcare Center, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Doc. 5.]  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in the Cherokee County Court of Common Pleas on December 3, 2012, alleging claims of race discrimination in violation of 42 U.S.C. § 1981, termination in violation of public policy, and negligent hiring and supervision.  [Doc. 1-1 ¶¶ 8–26.]  On February 11, 2013, Defendants removed the action to this Court  [Doc. 1], filed an answer [Doc. 4], and moved to dismiss Counts Two and Three, termination in violation of public policy and negligent hiring and supervision, of the complaint [Doc. 5]. Plaintiff filed a response opposing the motion to dismiss on February 27, 2013.  [Doc. 10.] Accordingly, the motion is now ripe for review.

## BACKGROUND[1]

Plaintiff worked for Defendant as a licensed practical nurse from October 2011 until June 2012, when she was wrongfully terminated.  [Doc. 1-1 ¶ 4.]  On or about June 18, 2012, she was asked to take a drug test due to an incident that occurred earlier that morning involving prescription medication missing from a medication cart.  [*Id.* ¶ 5.] Plaintiff requested that the police be called to investigate, but the authorities were never called.  [*Id.*]  Plaintiff's drug test was negative.  [*Id.*]  A fellow nurse, who had been terminated from another medical facility for narcotic diversion and who was white, accused Plaintiff of stealing the medication.  [*Id.* ¶ 6. ]  Plaintiff is African-American.  [*Id.* ¶ 9.]

Subsequent to Plaintiff's termination, she filed a complaint with the South Carolina Department of Labor, Licensing and Regulation ("DLLR") regarding Defendant's failure to report the incident to the South Carolina Department of Health and Environment Control ("DHEC").  [*Id.* ¶ 7.] On or about August 1, 2012, DHEC inspectors made an unannounced visit to Defendant's facility and found that state laws and rules were violated at the time of the visit.  [*Id.*]

## APPLICABLE LAW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief.  When considering a motion to dismiss, the court should "accept as true all well-pleaded

---

[1]For purposes of the motion to dismiss, the Court must accept as true Plaintiff's well-pleaded allegations and may rely on the complaint and documents attached to the complaint as exhibits or incorporated by reference. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  Thus, the following is a summary of the allegations contained in the complaint, Docket Entry Number 1-1.

allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants

3

compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**Violation of Public Policy Claim**

Plaintiff alleges her employment was terminated in violation of "a clear mandate of public policy and that Defendant had a duty to notify the authorities of the missing prescriptions in order for a proper investigation to be conducted." [Doc. 1-1 ¶ 20.]

Defendant contends Plaintiff's termination in violation of public policy claim should be dismissed because (1) she has a statutory remedy under 42 U.S.C. § 1981 and (2) she has failed to allege she was terminated after she refused to violate the law or that her termination was a violation of criminal law. [Doc. 5 at 2–3.] For the reasons explained below, the Court concludes each of Defendant's arguments is without merit.

In South Carolina, an at-will employee may be terminated for any reason or no reason at all. *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 214 (S.C. 1985). Under the "public policy exception" to the at-will employment doctrine, an at-will employee has a cause of action in tort for wrongful termination "[w]here the retaliatory discharge of [the] at-will employee constitutes violation of a clear mandate of public policy." *Id.* at 216. "The public policy exception clearly applies in cases where either: (1) the employer requires the employee to violate the law, or (2) the reason for the employee's termination itself is a violation of criminal law." *Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 637 (S.C. 2011) (citing *Ludwick*, 337 S.E.2d at 216; *Culler v. Blue Ridge Elec. Co-op., Inc.*, 422 S.E.2d 91 (S.C. 1992)). However, the public policy exception is not limited to these situations. *Id.*; *see Garner v. Morrison Knudsen Corp.*, 456 S.E.2d 907, 910 (S.C. 1995) ("While we have applied the public policy exception to situations where an employer requires an employee to violate a criminal law, and situations where the reason for the employee's termination was itself a violation of the criminal law, we have never held the exception is *limited* to these situations." (emphasis in original)); *Keiger v. Citgo, Coastal Petroleum, Inc.*, 482 S.E.2d 792 (S.C. Ct. App. 1997) (holding that "whether an employer's retaliatory discharge of an employee who threatens to invoke her rights under the Payment

of Wages Act is a violation of a clear mandate of public policy" was a novel issue and, thus, the plaintiff's case should not have been dismissed for failure to state a claim).

A common law claim for termination in violation of public policy is only available when there is no corresponding statutory remedy.  *Barron*, 713 S.E.2d at 637.  For example, the South Carolina Supreme Court held an employee could not maintain an action for termination in violation of public policy where the employee alleged he was terminated for filing a complaint under the Fair Labor Standards Act because the Fair Labor Standards Act provided a remedy for wrongful discharge. *Dockins v. Ingles Markets, Inc.*, 413 S.E.2d 18 (S.C. 1992).  In contrast, the court agreed with the South Carolina Court of Appeals that the South Carolina Payment of Wages Act would not prohibit an employee from maintaining a termination in violation of public policy claim because that act did not provide a remedy for wrongful termination.  *Barron*, 713 S.E.2d at 638 (discussing *Evans v. Taylor Made Sandwich Co.*, 522 S.E.2d 350 (S.C. Ct. App. 1999)).

Here, Defendant first contends Plaintiff cannot assert a termination in violation of public policy claim because she has alleged a race discrimination claim under 42 U.S.C. § 1981 and § 1981 provides her with a statutory remedy.  [Doc. 5 at 2.]  While Defendant is correct that Plaintiff could not maintain the claim if she has a statutory remedy, *see Barron*, 713 S.E.2d at 637, Plaintiff's factual allegations demonstrate that her violation of public policy claim is not based on race discrimination.  Plaintiff has not alleged that her termination violated public policy because she was terminated based on her race.  Rather, Plaintiff has alleged that her public policy claim is based on Defendant's failure to notify the authorities of the missing medication such that the authorities could conduct a proper

investigation.  [Doc. 1-1 ¶ 20.]  Therefore, Defendant's argument that § 1981 provides

Plaintiff with a statutory remedy for her termination in violation of public policy claim is

without merit.

Second, Defendant contends Plaintiff's public policy claim fails to state a claim upon

which relief can be granted because Plaintiff has failed to allege either (1) Defendant

terminated Plaintiff for failing to obey Defendant's directive to violate the law or

(2) Plaintiff's termination was in violation of criminal law.  [Doc. 5 at 2–3.]  Defendant

contends that "the South Carolina Supreme Court has limited the public policy exception

to instances in which the employer requires the employee to violate a law or where the

reason for the employer's termination is itself a violation of a criminal law."  [Doc. 5 at 2–3

(citing *Lawson v. S.C. Dep't of Corrs.*, 532 S.E.2d 259 (S.C. 2000)).]  However, as stated,

the South Carolina Supreme Court has held that the public policy exception is *not* limited

to these two situations.  *Barron*, 713 S.E.2d at 637.  Therefore, Defendant's argument that

Plaintiff's violation of public policy claim should be dismissed because Plaintiff failed to

plead that Defendant required Plaintiff to violate the law or that Plaintiff's termination was

a violation of criminal law is without merit.  Accordingly, Defendant's motion to dismiss

should be denied with respect to Plaintiff's termination in violation of public policy claim.[2]

_____

[2]The Court notes the allegations regarding Plaintiff's termination in violation of public policy claim appear inadequate but not for the reasons identified by Defendant.  First, Plaintiff has failed to identify what public policy Defendant violated by terminating her; she vaguely alleges that Defendant had a duty to notify the authorities of the missing prescriptions for a proper investigation to be conducted.  *See Riley v. Southern Care, Inc.*, 2013 WL 1809788, at *4 (D.S.C. Apr. 29, 2013) (noting the plaintiff failed to specify the source of the alleged public policy in her complaint but that she referred generally to a duty to report and identified a relevant statute in her response in opposition to the defendant's motion to dismiss).  Without a fuller identification of the relevant public policy, the Court would be unable to determine whether Plaintiff's claim is facially plausible.  *See Barron*, 713 S.E.2d at 617 ("The determination of what constitutes public policy is a question of law for the courts to decide."); *Citizens' Bank v. Heyward*, 133 S.E. 709, 713 (S.C. 1925) ("The primary source of the declaration of the public policy of the state is the General Assembly; the courts assume this prerogative only in the absence of legislative declaration.").  Second, Plaintiff has failed to plead her

**Negligent Hiring and Negligent Supervision Claim**

In alleging a claim for negligent hiring and supervision, Plaintiff contends "Defendant knew or should have known that [her co-employee] had a history of misconduct with regard to prescription medication and had a duty to either refrain from hiring [Plaintiff's co-employee] or ensur[e] that [the co-employee] was not allowed unsupervised access to a prescription medication cart." [Doc. 1-1 ¶ 24.] Plaintiff alleges Defendant breached its duty by hiring the co-employee and allowing the co-employee unsupervised access to prescription medications. [*Id.* ¶ 25.] Plaintiff further alleges Defendant's breach of duty caused Plaintiff to suffer damages. [*Id.* ¶ 26.] Defendant contends Plaintiff's claim of negligent hiring and negligent supervision should be dismissed because Plaintiff has failed to allege (1) the co-employee injured Plaintiff; (2) Defendant knew of a proclivity for misdeeds by the co-employee prior to the incident that led to Plaintiff's termination; and (3) a misdeed by the co-employee was the proximate cause of an injury to Plaintiff. [Doc. 5 at 4.]

With respect to negligent hiring, the South Carolina Court of Appeals has summarized the applicable law as follows:

> "In circumstances where an employer knew of or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring . . . . the employee. . . ." *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008). Negligent hiring cases

---

termination was retaliatory; rather, Plaintiff alleges she filed a report with the DLLR *after* she was terminated. *See Ludwick*, 337 S.E.2d at 216 (holding an at-will employee has a cause of action in tort for wrongful termination "[w]here *the retaliatory discharge* of [the] at-will employee constitutes violation of a clear mandate of public policy" (emphasis added)). However, at this stage of the proceedings, the Court may consider only the arguments raised by Defendant and, therefore, recommends Defendant's motion to dismiss be denied as to Plaintiff's termination in violation of public policy claim.

> "generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties." *Doe* [*v. ATC, Inc.*, 624 S.E.2d 447, 450 (S.C. Ct. App. 2005)] (citing *Di Cosala v. Kay*, 91 N.J. 159, 450 A.2d 508, 516 (1982)). Although foreseeability is usually an issue of fact, "the court should dispose of the matter on a dispositive motion when no reasonable factfinder could find the risk foreseeable or the employer's conduct to have fallen below the acceptable standard." *Id.*

*Kase v. Ebert*, 707 S.E.2d 456, 459 (S.C. Ct. App. 2011) (first and second alterations in original); *see also ATC*, 624 S.E.2d at 450 ("From a practical standpoint, the[] elements [of knowledge and foreseeability] are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused."). As to negligent supervision, an employer may be liable if its employee intentionally harms another when the employee (1) is upon the premises of the employer or is using a chattel of the employer; (2) the employer knows or has reason to know that it has the ability to control its employee; and (3) the employer knows or should know of the necessity and opportunity for exercising such control. *Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C. 1992) (quoting Restatement (Second) of Torts § 317 (1965)).

Here, Plaintiff has failed to state a claim for either negligent hiring or negligent supervision. Plaintiff alleges that, after the medication went missing, she was asked to take a drug test, which was negative. [Doc. 1-1 ¶ 5.] Plaintiff alleges her co-employee accused Plaintiff of stealing the missing medication, and prior to the incident at Defendant's facility, the co-employee had been terminated from another medical facility for narcotic diversion. [*Id.* ¶ 6.] Plaintiff was terminated shortly after the missing medication incident.

[*See id.* ¶¶ 4–5 (alleging she was terminated in June 2012 and on June 18, 2012 she was asked to take a drug test because of missing medication).]

Even drawing in Plaintiff's favor the reasonable inference that Plaintiff was terminated as a result of the missing medication, *see Eastern Shore Mkts.*, 213 F.3d at 180; *Mylan Labs.*, 7 F.3d at 1134, Plaintiff has failed to plead sufficient facts to establish her injury—termination of her employment—was effected at the hands of her co-employee. That is, Plaintiff has failed to plead her co-employee injured her; rather, *Defendant* injured Plaintiff by terminating Plaintiff's employment.  Further, to the extent Plaintiff alleges her co-employee's false accusation was the proximate cause of her injury,[3] Plaintiff has failed to adequately plead that her alleged injury—termination of her employment—that resulted from allegedly false accusations was a foreseeable result of her co-employee's alleged prior narcotic diversion.[4]  *See Kase*, 707 S.E.2d at 459.  Thus, Defendant's motion to dismiss should be granted as to Plaintiff's negligent hiring and negligent supervision claim.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss be DENIED as to Count Two, termination in violation of public policy, and GRANTED as to Count Three, negligent hiring and negligent supervision.

---

[3]The Court notes that Plaintiff alleges *Defendant's* breach of its duty was the proximate cause of her damages [Doc. 1-1 ¶ 26] but does not actually allege that her co-employee harmed her.  As stated, one element of negligent hiring and negligent supervision claims is that the negligently hired or supervised employee harmed the plaintiff. *Degenhart*, 420 S.E.2d at 496; *Kase*, 707 S.E.2d at 459. Therefore, assuming that, in some fashion, Plaintiff has pled this necessary element of her claim is truly drawing all inferences, reasonable or not, in Plaintiff's favor.

[4]In other words, Plaintiff has failed to allege that her termination and her co-employee's allegedly false accusations that Plaintiff took the missing prescription medications were a foreseeable result of her co-employee's alleged prior termination for narcotic diversion.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 19, 2013
Greenville, South Carolina